AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Western District of Texas

2020 JAN 27 AM 11:15

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Samiky ALVES de Souza | ) | Case No. |
| | ) | 3:20-mj-0453-RFC |
| | ) | |
| Defendant(s) | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __1/24/2020__ in the county of __El Paso__ in the __Western__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 371 | Two or more persons conspire to commit any offense against the United States, to defraud the United States, or any agency, in any manner or for any purpose. |

This criminal complaint is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

Jose O. Garcia, Special Agent
Printed name and title

Sworn to before me and signed in my presence.

Date: __01/27/2020__

_____
Judge's signature

City and state: __El Paso, Texas__

Robert F. Castaneda, U.S. Magistrate Judge
Printed name and title

Oath Telephonically Sworn
At __1:01__ PM
Fed.R.Crim.P.4.1(b)(2)(A)

Affidavit

On January 23, 2020, at approximately 6:30 p.m., Samiky ALVES de Souza and Bernardo Ritchelly ALVES de Souza (minor child 6 YOA, from now on referred to as MINOR #1) were arrested by the United States Border Patrol (USBP) as they attempted to illegally enter the United States from Mexico near the Paso del Norte Port of Entry (PDN), located in El Paso, Texas, in the Western District of Texas. In this area, the Rio Grande River serves as the International Boundary between Mexico and the United States. The place where ALVES de Souza and MINOR #1 attempted to enter the United States has not been designated as an official port of entry by an Immigration Officer of the United States, therefore, ALVES de Souza and MINOR #1 were not legally inspected, admitted or paroled into the United States. ALVES de Souza and MINOR #1 freely admitted that they were citizens and nationals of Brazil with no documents that would allow them to be in or remain in the United States legally. ALVES de Souza and MINOR #1 presented themselves as a family unit (father/juvenile son). ALVES de Souza claimed to be the biological father of MINOR #1 and were arrested and transported to the El Paso USBP Station for further processing.

At the USBP Station, ALVES de Souza identified himself as the biological father of MINOR #1 and presented two Brazilian passports to confirm citizenship and familial relationship to MINOR #1. Border Patrol Intelligence Agent (BPA-I) Erika Perales recognized ALVES de Souza as being the legitimate husband of a fraud family unit who had been identified and prosecuted on January 23, 2020 at the El Paso USBP Station. On January 21, 2020, ALVES de Souza's wife and minor daughter, Eliana Rosa DE SOUZA-Andrade (42 YOA) and Sophya Vitoria ALVES de Souza (4 YOA, from now on referred to as MINOR #2), fraudulently presented themselves as a family unit with a male subject, Fabricio Alexandre VIEIRA-Dos Reis (23 YOA), and false claimed that VIEIRA and DE SOUZA-Andrade were involved in a common law marriage. On January 23, 2020, prosecution was accepted on VIEIRA for 18 USC 371 Conspiracy to Commit or to Defraud the United States. DE SOUZA-Andrade retained custody of MINOR #2 and were processed administratively by USBP.

Due to the fraudulent scheme that ALVES de Souza's wife had been involved in, ALVES de Souza was referred for further questioning to Homeland Security Investigations (HSI).

On January 24, 2020, at approximately 1:43 p.m., HSI Special Agent (SA) Jose O. Garcia and Border Patrol Intelligence Agent (BPA-I) Jose L. Chavez along with the assistance of Border Patrol Agent (BPA) Bernardo Hernandez conducted an interview of Samiky ALVES de Souza. The interview was translated by BPA Hernandez in the Portuguese language. ALVES de Souza was provided with a written, Miranda Rights Form in Portuguese which he acknowledged and waived his rights. ALVES de Souza was also provided with a written, Title 18 USC 1001 Form in Portuguese which he acknowledged and signed. ALVES de Souza was explained the implications of violating 18 USC 1001 and making false statements to a government agent.

The below is a summary of ALVES de Souza's interview, it is not intended to be a verbatim account and does not memorialize all statements made during the interview.

ALVES de Souza was questioned as to the legitimacy of his claim of being the biological father of MINOR #1 and ALVES de Souza stated MINOR #1 was his biological son. ALVES de Souza was questioned if the passports he presented were legitimate and ALVES de Souza stated the documents were genuine. ALVES de Souza stated he and MINOR #1 traveled together from Frei Inocencio, Minas Gerais, Brazil and claimed to have departed Brazil on/or about January 17, 2020.

ALVES de Souza was asked if he was married and had any other children. ALVES de Souza stated he was not legally married and identified his common-law wife as, Eliana Rosa DE SOUZA-Andrade (42 YOA) and stated he had a minor daughter, Sophya Vitoria ALVES de Souza (4 YOA, MINOR #2). ALVES de Souza was asked where his wife and daughter were, and he stated that they had already crossed into the United States about 2 days ago but claimed that he did not know what his wife's final destination in the United States was going to be. ALVES de Souza was asked if anybody else entered the United States together with his wife and daughter and ALVES de Souza stated that his wife and daughter were traveling alone.

ALVES de Souza was asked if he hired a smuggler to arrange his travel from Brazil to the United States and he stated he did not use a smuggler. ALVES de Souza was presented with a photograph of Fabricio Alexandre VIEIRA-Dos Reis (23 YOA) and was asked if he knew who VIEIRA was. ALVES de Souza stated he did not know who VIEIRA was and added he had never seen VIEIRA before.

ALVES de Souza was asked why he and his wife decided to split the family and travel separately. ALVES de Souza stated their plan was not to reunite once they arrived in the United States and they had decided that once they arrived in the United States, they would part different ways with one child each. ALVES de Souza was made aware and was reminded of the implications of violating 18 USC 1001 and making false statements to a government agent. ALVES de Souza stated he was not lying and added he had no reason to lie.

ALVES de Souza was informed that his wife had provided testimony on January 22, 2020 to USBP Agents as to a conspiracy scheme, which implicated VIEIRA posing as ALVES de Souza's wife's legitimate husband. ALVES de Souza was informed that his wife and VIEIRA had fraudulently claimed to being husband and wife in order to false claim that they were a family unit and avoid detention upon being apprehended by immigration in the United States. After being presented with this information, ALVES de Souza immediately recanted all his previous statements and admitted that he had been lying during his interview.

ALVES de Souza stated he did hire a smuggler and identified him as "JOAO." ALVES de Souza stated he agreed to pay JOAO $30,000 USD for the smuggling arrangements for him and his family. ALVES de Souza stated that once he and his family arrived in Sao Paulo, Brazil, JOAO contacted him and instructed him that his wife and MINOR#2 would make entry into the United States together as a family unit with VIEIRA. ALVES de Souza stated JOAO sent him photographs of VIEIRA and they met up with VIEIRA at the airport in Sao Paulo. ALVES de Souza stated an unknown male arrived at the airport in Sao Paulo on behalf of JOAO and delivered the fraudulent marriage certificate that his wife and VIEIRA presented to USBP to false claim they were husband and wife. ALVES de Souza stated his wife, MINOR #2 and VIEIRA

departed Sao Paulo together and traveled to the United States as a family unit as per the instructions he received from JOAO. ALVES de Souza stated he and MINOR#1 departed Sao Paulo about 3 days after his wife and daughter had left with VIEIRA.

ALVES de Souza stated he agreed with JOAO to loan out his wife and daughter to VIEIRA so that they could pose as a legitimate family unit because JOAO explained to him that they would not be detained by immigration and would be allowed to stay in the United States as a family. ALVES de Souza stated he was aware that family units with minor children avoid detention by immigration and are released upon arriving to the United States. ALVES de Souza stated he, his wife and VIEIRA were aware that the marriage certificate that his wife and VIEIRA presented to USBP was a fraudulent document. ALVES de Souza stated he and his wife agreed to the fraudulent family scheme with VIEIRA because JOAO suggested that if they helped him with VIEIRA, ALVES de Souza did not have to pay a down payment for the smuggling fees.

ALVES de Souza admitted, he, his wife and VIEIRA knew that it was illegal to present a fraudulent marriage certificate to immigration and knew that the fraudulent scheme to loan out his wife to VIEIRA to falsely present themselves as husband and wife was also illegal, but did it in order to avoid paying a down payment for the smuggling fees and because he wanted a better life for his family as he was facing economic hardship in Brazil. ALVES de Souza stated he, his wife and VIEIRA knew they were violating immigration laws but believed that if their story passed as legitimate, they would not be detained and would be allowed to continue their travel into the United States as a family.

Federal prosecution on ALVES de Souza was approved by the Assistant United States Attorney's Office in El Paso, Texas. ALVES de Souza was booked into the El Paso County Detention Facility.

Because this Affidavit is being submitted for the limited purpose of establishing probable cause as set forth herein, I have not included each and every fact known to me concerning this investigation.